## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE TEMPLE, | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| ARTESIAN WATER COMPANY, INC., a Delaware Corporation, | <u>**COMPLAINT**</u> |
| Defendant. | |

1. Plaintiff George Temple is a resident of the State of Delaware residing at 26 Richard Road, New Castle, Delaware 19720.

2. Defendant Artesian Water Company, Inc. is a Delaware corporation whose registered agent for service of process is Joseph A. Dinunzio, 664 Churchmans Road, Newark, Delaware 19702.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of the Age Discrimination in Employment Act 29 U.S.C. §621, *et seq.* (hereinafter "the ADEA") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA").

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117(a), and 29 U.S.C. § 626.

5. Plaintiff brings this action to redress the wrongs done to him by Defendant's discrimination against him on the basis of his age and disability.

6. Venue for all causes of action stated herein lies in the District of Delaware pursuant to 28 U.S.C. § 1391(b), as the acts alleged as the basis for these claims took place within the boundaries of that District.

7. Plaintiff timely submitted a complaint of discrimination to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC") on the basis of age and disability.

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the EEOC.

9. Plaintiff has timely filed this Complaint within ninety (90) days of his receipt of the aforementioned Notice of Right to Sue.

10. Plaintiff was employed by Defendant from January 24, 1977 until his termination on November 26, 2018. At the time his termination, Plaintiff was working in a supervisory capacity as a Senior Engineering Field Coordinator which was a sedentary position. Plaintiff's job duties could be performed under sedentary or light duty restrictions.

11. At all times relevant to this Complaint, George Temple was qualified for his job position and satisfactorily performed all job duties of his position.

12. Plaintiff is over forty years of age having been born on March 23, 1952.

13. At all times relevant to this Complaint, Plaintiff has had a "disability" as that term is defined by 42 U.S.C. §12102(1). Specifically, he has had a physical impairment that substantially limits one or more major life activities, and/or he has had a record of such an impairment, and/or he has been regarded by Defendant as having such an impairment. Specifically, Plaintiff suffers from chronic obstructive pulmonary disease (COPD).

14. Despite Plaintiff's physical impairment, at all times relevant to this Complaint he was able to perform the essential functions of his job position with reasonable accommodation. Plaintiff's job duties were sedentary which included coordination with contractors to ensure that they had the equipment and supplies to complete onsite jobs.

15. In May 2018, Plaintiff was hospitalized with chronic obstructive pulmonary disease (COPD). Plaintiff was out of work from May 2018 to the beginning of August 2018.

16. On August 8, 2018, Plaintiff returned to work with a work note from his pulmonary care physician, Irene Quiambao Permit Swift, M.D. indicating that he was under her care for COPD and cleared to return to work with no restrictions.

17. Plaintiff presented this return to work note to Dean C. Hagans, Jr. who is Defendant's Benefits Manager.

18. Mr. Hagans informed Plaintiff that he was not permitted to return to work and was advised that he had to undergo a fit for duty examination with, Janicia Thomas, M.D.

19. Plaintiff was examined by Dr. Thomas on June 25, 2018 and was told he cannot return to work.

20. Plaintiff made several calls to Mr. Hagan to find out when he could go back to work but Mr. Hagans never returned any of his calls.

21. While waiting for a decision from Defendant as to when Plaintiff would be permitted to return to work, Plaintiff's short-term disability expired.

22. Since Plaintiff's short term disability expired and he had not returned to work, Defendant no longer had to hold Plaintiff's position open.

23. Plaintiff again was seen by his pulmonologist, Dr. Swift and presented a work note to Defendant on November 26, 2018, stating that Plaintiff would be permitted to return to work with no restrictions.

24. Mr. Hagans informed Plaintiff that he would once more have to be examined by Dr. Thomas, the company doctor.

25. Plaintiff underwent the second physical examination by Dr. Thomas.

26. Shortly thereafter Mr. Hagans informed Plaintiff that he would not be permitted to return to work.

27. During the first week of December 2018, Patty Cumston, HR Director, informed Plaintiff that he may go on Defendant's long term disability plan.

28. Defendant applied for long term disability for Plaintiff without his knowledge.

29. Plaintiff's application for long term disability was denied because he was released by his physician to return to work as of August 3, 2018, and was released to return to work prior to any benefit commencement date.

30. As of December 2018, Defendant refused Plaintiff further employment despite Plaintiff having two return to work notes with no restrictions from his pulmonary physician.

31. Defendant's refusal to allow Plaintiff to return to work despite having two return to work with no restrictions notes from his pulmonologist, resulted in a termination of Plaintiff's employment because of his disability or perceived disability without any attempt to reasonably accommodate his disability limitations, if any.

32. Following previous medical issues, including an aortic bypass, blood clots resulting from aortic bypass and bladder cancer, Plaintiff was always permitted to return to work without having to be examined by Defendant's physician.

33. Another employee of Defendant, Chris Thurlow, who was in his 50s, and was out of work twice for knee surgeries on the same leg was permitted to return to work.

34. Defendant is liable for the actions of its agents and employees as set forth in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the Defendant's ratification of the agents' and employees' actions by Defendant.

35. The wrongful acts committed by Defendant, acting by and through its agents and employees, as stated hereinabove, were willful, wanton, and committed in bad faith.

36. As a direct result of the actions of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – ADA - DISABILITY

37. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 36 hereinabove.

38. By committing the aforementioned acts, including termination of Plaintiff's employment, Defendant has discriminated against Plaintiff on the basis of his disability or perceived disability in violation of the ADA.

39. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Back pay, including interest;

(b) Reinstatement, if feasible, or in the alternative, front pay;

(c) Compensatory damages, including damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest;

(f) Attorney's fees and costs; and

(g) Any other relief that this Court deems just.

## COUNT II – ADEA - AGE

40. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 39 hereinabove.

41. Defendant terminated Plaintiff on the basis of his age in violation of ADEA, 29 U.S.C. §621 et seq.

42. As a direct result of the discriminatory conduct of Defendant and its agents Plaintiff has suffered lost wages and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

(a) any and all damages provided pursuant to 29 U.S.C. § 621 *et seq.*, including but not limited to lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

(b) Reinstatement, if feasible, or in the alternative, front pay;

(c) Punitive damages, if available;

(d) pre-judgment and post-judgment interest;

(e) attorney's fees and costs; and

(f) any other relief, whether legal or equitable, that this Court deems just.

[signature page follows]

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
WILLIAM D. FLETCHER, JR. (#362)
GARY E. JUNGE, ESQ. (#6169)
414 S. State Street
P.O. Box 497
Dover, DE   19903
(302) 674-0140
wfletcher@schmittrod.com
gjunge@schmittrod.com
Attorneys for Plaintiff

DATED: September 10, 2021